UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT KADROVACH,                    ) | |
|              ) | |
|     Plaintiff,      ) | |
|              ) | |
|   v.                          ) | No. 1:21-cv-01076-TWP-TAB |
|              ) | |
| WEXFORD OF INDIANA, LLC, et al.      ) | |
|              ) | |
|     Defendants.      ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Robert Kadrovach, an inmate at Plainfield Correctional Facility ("PCF"), filed this lawsuit alleging that his medications have been taken from him. Mr. Kadrovach has paid the filing fee. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Kadrovach sues Wexford of Indiana, LLC and Dr. M. Mitcheff.

He has submitted as exhibits to the complaint more than 100 pages of health care requests, complaints to the Indiana Department of Insurance, and other documents. The attachments to the complaint can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (exhibits attached to the complaint are disregarded). These exhibits appear to be nothing more than evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

In the complaint, Mr. Kadrovach alleges that when he arrived at PCF, his medications were taken from him. Dr. Mitcheff refused his requests for the return of his medications.

Based on the screening standard, Mr. Kadrovach's claim shall proceed against Dr. Mitcheff as a claim that Dr. Mitcheff was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Any claim against Wexford is dismissed. Because Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *Monell*. *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged. *Id.* Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Kadrovach

must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. Because he does not make such an allegation, he has not stated a claim against Wexford.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 12, 2021,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk shall terminate** Wexford as a defendant on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Dr. Mitcheff in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1] pages 1-5), applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

Dr. Mitcheff is identified as an employee of Wexford. A copy of this Order and the process documents shall also be served on Wexford electronically. Wexford is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

**IT IS SO ORDERED.**

Date: 6/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT KADROVACH
249776
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Dr. Mitcheff
Wexford of Indiana, LLC
9425 N. Meridian St., Suite 120
Indianapolis, IN 46260

Electronic Service to: Wexford of Indiana, LLC