**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROBERT KADROVACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01076-TWP-TAB |
| ) | |
| M. MITCHEFF, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
**AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Defendant M. Mitcheff's ("Dr. Mitcheff") Motion for Summary Judgment. (Dkt. 22.) Plaintiff Robert Kadrovach ("Mr. Kadrovach"), an inmate at Plainfield Correctional Facility ("PCF"), filed this lawsuit alleging that his medications were taken from him when he arrived at PCF in 2017 and he did not receive medications that had been ordered for him in June of 2018. Dr. Mitcheff moves for summary judgment arguing that Mr. Kadrovach failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). Mr. Kadrovach has responded, and Dr. Mitcheff has replied. For the following reasons, the Motion for Summary Judgment is **granted**.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the non-moving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine

issue for trial." *Id.* at 324.  In ruling on a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

## II.  **FACTS**

Mr. Kadrovach's claims arose in 2017 and 2018.  The Offender Grievance Policy in effect for the Indiana Department of Correction starting October 1, 2017, provided the following steps to exhaust the grievance process: (1) an attempt at informal resolution by communicating with staff at the facility through the use of a "Request for Interview" form; (2) a Formal Grievance; (3) a Level 1 grievance appeal to the Warden or Warden's designee; and (4) a Level 2 grievance appeal to the Department Grievance Manager.  (Dkt. 24-1 ¶ 7.)  The grievance policy was revised on April 1, 2020, but the requirements remained the same, with the exception that the "Request for Interview" form was no longer required for the informal resolution process.  *Id.* ¶ 8.

A review of Mr. Kadrovach's grievance history reveals that he filed one grievance while he was incarcerated at PCF.  *Id.* ¶ 11.  That grievance addressed the delivery of medications during facility lockdowns due to COVID-19.  (Dkt. 24-3.)  Mr. Kadrovach attaches several documents to his Response to the Motion for Summary Judgment in support of his contention that he filed grievances. These include Request For Health Care forms, labeled "informal grievance" or "emergency grievance", in which he complains about not receiving his medications in 2019, (Dkt. 26-1 at 3-5), an Offender Grievance filed in May 2020 complaining that medical staff did not give him his medications because of a facility lockdown, (*id.* at 8), and a Request for Interview with a grievance specialist, also dated May 2020, (*id.* at 6).

2

### III.  DISCUSSION

Dr. Mitcheff argues that Mr. Kadrovach failed to exhaust his available administrative remedies on his claim because he did not file a grievance on his claim that his medications were confiscated when he arrived at PCF.

**A.  Applicable Law**

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions.  42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).  "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004).  It is the defendant's burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

**B.  Mr. Kadrovach's Use of the Grievance Process**

It is undisputed that Mr. Kadrovach filed only one grievance while he was at PCF.  That grievance was related to the delivery of medications during facility lockdowns due to COVID-19.  (Dkt. 24-3.)  There is no evidence that Mr. Kadrovach filed any grievance related to the claims in this case – that his medications were confiscated when he arrived at PCF in 2017 and that requests for his medications were denied in 2018.

In response to the Motion for Summary Judgment, Mr. Kadrovach states that he "filed several unanswered grievances." (Dkt. 26 at 2.)  But he does not specifically identify or describe

these grievances, and the documents he submitted with his Response to the Motion do not show that he attempted to grieve his complaints in this case. He also argues that facility officials use COVID-19 as an excuse not to provide administrative remedies. *Id.* at 4. Even if true, this does not show that he was prevented from filing grievances in 2017 or 2018 regarding his claims in this case. Mr. Kadrovach, therefore, presents no evidence to support a conclusion that he specifically filed a grievance regarding his complaints about the denial of his medication in 2017 and 2018, or that he was prevented from doing so.

Because it is undisputed that Mr. Kadrovach did not exhaust his available administrative remedies before filing this lawsuit, this action should not have been brought and must now be **dismissed**.

## IV.  CONCLUSION

For the foregoing reasons, defendant Dr. Mitcheff's Motion for Summary Judgment, (Dkt. [22]), is **GRANTED**, and plaintiff Robert Kadrovach's lawsuit is **DISMISSED**. Judgment consistent with this Order and the Order of June 14, 2021, shall now issue.

**SO ORDERED.**

Date: 11/18/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Kadrovach, #249776
PLAINFIELD CORRECTIONAL FACILITY
727 Moon Road
Plainfield, Indiana  46168

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Sarah Jean Shores-Scisney
KATZ KORIN CUNNINGHAM, P.C.
sshores@kkclegal.com